UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK EXTRACT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TAL EDUCATION GROUP, ZHANG BANGXIN, YUNFENG BAI, and LUO RONG,<br><br>Defendants. | Case No.:<br><br><br>CLASS ACTION COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

Plaintiff Jack Extract ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding TAL Education Group ("TAL" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired TAL securities between

April 26, 2018 and June 13, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2. TAL provides educational services, and offers comprehensive tutoring services to students covering core academic subjects such as mathematics, English, Chinese, physics, chemistry. The Company primarily serves students in China. TAL's American Depositary Receipts ("ADRs") trade on the New York Stock Exchange ("NYSE") under the ticker symbol "TAL".

3. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) TAL overstated its net income; (ii) TAL's net income was in fact deteriorating; and (iii) as a result of the foregoing, TAL's public statements were materially false and misleading at all relevant times.

4. On June 13, 2018 Carson Block issued a report accusing TAL of issuing fraudulent profit figures by overstating net income, net income margin and other essential accounting metrics.

5. On this news, TAL's ADR price fell $4.54, or over 9.95%, to close at $41.11 on June 13, 2018, on unusually heavy trading volume.

6. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.    The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.

10.    In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

11.    Plaintiff, as set forth in the attached Certification, acquired TAL's securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

12.    Defendant TAL is incorporated in the Cayman Islands and its principal executive offices are in Beijing, China. TAL's ADRs trade on the NYSE under the ticker symbol "TAL".

13.    Defendant Bangxin Zhang ("Zhang") has served as the TAL's Chairman and Chief Executive Officer at all relevant times.

14.     Defendant Yunfeng Bai ("Bai") has served as TAL's President at all relevant times.

15.     Defendant Rong Luo ("Luo") has served as TAL's Chief Financial Officer at all relevant times.

16.     The Defendants referenced above in ¶¶ 13-15 are sometimes referred to herein collectively as the "Individual Defendants".

17.     The Individual Defendants possessed the power and authority to control the contents of TAL's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

18.     TAL provides educational services, and offers comprehensive tutoring services to students covering core academic subjects such as mathematics, English, Chinese, physics, chemistry.  The Company primarily serves students in China.

**Materially False and Misleading**
**<u>Statements Issued During the Class Period</u>**

19.    The Class Period begins on April 26, 2018, when TAL issued a press release entitled "TAL Education Group Announces Unaudited Financial Results for the Fourth Fiscal Quarter and the Fiscal Year 2018." Therein, the Company stated, in relevant part:

> - Quarterly Results:
> Net Revenues up by 59.4% Year-Over-Year
> Income from Operations up by 54.0% Year-Over-Year
> Non-GAAP Income from Operations up by 47.7% Year-Over-Year
> Total Student Enrollments up by 95.7% Year-Over-Year
> - Fiscal Year Results:
> Net Revenues up by 64.4%
> Income from Operations up by 55.0%
> Non-GAAP Income from Operations up by 49.8%
>
> **Highlights for the Fourth Quarter of Fiscal Year 2018**
> - Net revenues increased by 59.4% year-over-year to US$504.1 million from US$316.3 million in the same period of the prior year.
>
> - Income from operations increased by 54.0% to US$66.9 million from US$43.4 million in the same period of the prior year.
>
> - Non-GAAP income from operations increased by 47.7% to US$79.5 million from US$53.8 million in the same period of the prior year.
>
> - Net income attributable to TAL increased by 102.9% to US$69.5 million from US$34.3 million in the same period of the prior year.
>
> - Non-GAAP net income attributable to TAL, which excluded share-based compensation expenses, increased by 83.9% to US$82.1million from US$44.7 million in the same period of the prior year.
>
> - Basic and diluted net income per American Depositary Share ("ADS") were US$0.13 and US$0.12, respectively. Non-GAAP basic and diluted net income per ADS, which excluded share-based compensation expenses, were US$0.15 and US$0.14, respectively. Three ADSs represent one Class A common share.
>
> - Cash, cash equivalents and short-term investments totaled US$1,498.9 million as of February 28, 2018, compared to US$699.7million as of February 28, 2017.

5

- Total student enrollments increased by 95.7% year-over-year to approximately 2,615,760 from approximately 1,336,600 in the same period of the prior year

**Highlights for the Fiscal Year Ended February 28, 2018**
**Financial and Operating Data——Fourth Quarter and Fiscal Year 2018**

(In US$ thousands, except per ADS data, student enrollments and percentages)
- Net revenues increased by 64.4% year-over-year to US$1,715.0million fromUS$1,043.1 million in fiscal year 2017.
- Income from operations increased by 55.0% to US$208.6 million from US$134.6 million in fiscal year 2017.

- Non-GAAP income from operations increased by 49.8% to US$255.8 million from US$170.7 million in fiscal year 2017.

- Net income attributable to TAL increased by 69.8% year-over-year to US$198.4 million from US$116.9 million in fiscal year 2017.

- Non-GAAP net income attributable to TAL, which excluded share-based compensation expenses, increased by 60.5% year-over-year to US$245.6million fromUS$153.0 million in fiscal year 2017.

- Basic and diluted net income per ADS were US$0.38 and US$0.34, respectively. Non-GAAP basic and diluted net income per ADS, excluding share-based compensation expenses, were US$0.47 and US$0.43, respectively.

- Average student enrollments per quarter in fiscal year 2018 increased by 89.3% year-over-year to approximately 1,862,410 from approximately 983,680 in fiscal year 2017.

- Total physical network increased from 507 learning centers in 30 cities as of February 28, 2017 to 594 learning centers in 42 cities as of February 28, 2018.

20.    The statements referenced in ¶ 19 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: Defendants

failed to disclose to investors: (i) TAL overstated its net income; (ii) TAL's net income was in fact deteriorating; and (iii) as a result of the foregoing, TAL's public statements were materially false and misleading at all relevant times.

### The Truth Begins to Emerge

21.    On June 13, 2018, Carson Block issued a report accusing TAL of issuing fraudulent profit figures by overstating net income, net income margin and other essential accounting figures. The Carson Block report stated in relevant part:

- Although TAL is a "real business", it has been fraudulently overstating its profits since at least FY2016.

- We estimate that during FY2016 through FY2018, TAL has overstated net income by at least 43.6%. Our estimates of profit inflation are based only on what we are able to quantify – fraudulent profit inflation likely exceeds this estimate.

- We estimate that TAL's cumulative net income margin during this period was only 8.8% (versus 12.4% reported); we estimate its FY2018 net income margin was only 10.4% (versus 11.6% reported).

- We believe the fraud pervades the core Peiyou business and is migrating into TAL's online businesses.

- This is Part I in a series of reports. In this report, we cover two sets of fraudulent transactions that we estimate inflated TAL's FY2016-FY2018 pre-tax profits by pre-tax profits by up to $153.2 million, or 28 .4%.

* * *

The foregoing is only what we can qualify enough to estimate. We believe the fraud is more pervasive, and includes the core Peiyou business and is migrating into its online business.

What we can quantify results from various fraudulent M&A transactions and investments. The below shows our estimates to historical numbers based only on what we can quantify:

| | FY 2015 As Reported | FY2016 As Reported | Adjusted | FY2017 As Reported | Adjusted | FY2018 As Reported | Adjusted | Cumulative As Reported | Adjusted |
|---|---|---|---|---|---|---|---|---|---|
| Revenue | 434.0 | 619.95 | 616.46 | 1,043.10 | 1,015.08 | 1,71502 | 1,691.07 | 3,378.06 | 3,322.61 |
| Gross Profit | 230.9 | 316.31 | 310.50 | 520.77 | 488.17 | 83270 | 808.76 | 1,669.79 | 1,607.43 |
| Operating Profit | 67.3 | 85.05 | 69.92 | 134.59 | 97.63 | 20860 | 184.66 | 428.25 | 352.21 |
| Pre-tax Profit | 77.2 | 136.90 | 69.87 | 154.58 | 92.38 | 24699 | 223.05 | 538.48 | 385.31 |
| Net Income | 67.2 | 102.88 | 49.59 | 116.88 | 66.14 | 19844 | 175.56 | 418.20 | 291.28 |

We estimates that TAL's profit margins have been significantly overstated for the past three years:

| | FY 2015 As Reported | FY2016 As Reported | Adjusted | FY2017 As Reported | Adjusted | FY2018 As Reported | Adjusted | Cumulative As Reported | Adjusted |
|---|---|---|---|---|---|---|---|---|---|
| Margins | | | | | | | | | |
| Gross Profit | 53.2% | 51.0% | 50.4% | 49.9% | 48.1% | 486% | 47.8% | 49.4% | 48.4% |
| Operating Profit | 15.5% | 13.7% | 11.3% | 12.9% | 9.6% | 122% | 10.9% | 12.7% | 10.6% |
| Pre-tax Profit | 17.8% | 22.1% | 11.3% | 14.8% | 9.1% | 144% | 13.2% | 15.9% | 11.6% |
| Net Income | 15.5% | 16.6% | 8.0% | 11.2% | 6.5% | 116% | 10.4% | 12.4% | 8.8% |

The reality is that TAL's margins have been deteriorated more than have been reported. To cover this up, the company has resorted to fraud. TAL combines the old school China fraud playbook of simply penciling in more favorable numbers with the more sophisticated asset parking fraud of Enron. (The well-known instance of Enron's asset parking is when it entered into sales of two electricity generating barges in Nigeria with secret agreements to repurchase them.) In this Part I, we detail two asset parking transactions that we estimate from FY2016 through FY2018 inflated TAL's pre-tac profits by up to $153.2 million, or 28.4%.

Nobody has performed the highly detailed research on TAL that we have. Over several months, we retrieved over one thousand of pages of PRC government files on various entities belonging to, or associated with, TAL. We obtained and validated third-party credit reports on many of these entities. Our investigators made numerous site visits, and interviewed scores of people who worked in TAL, its partners, or had the knowledge of its operations. In this report, we provide a detailed roadmap so that investors can recreate significant portions or our work.

22.    On this news, TAL's ADR price fell $4.54, or over 9.95%, to close at $41.11

on June 13, 2018, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that acquired TAL securities between April 26, 2018 and June 13, 2018, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

24.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, TAL's ADRs actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class. Millions of TAL ADRs were traded publicly during the Class Period on the NYSE.  Record owners and other members of the Class may be identified from records maintained by TAL or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

25.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

26.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

27.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)    whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)    whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of TAL; and

(c)    to what extent the members of the Class have sustained damages and the proper measure of damages.

28.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**UNDISCLOSED ADVERSE FACTS**

29.    The market for TAL's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, TAL's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired TAL's securities relying upon the integrity of the market price of the Company's securities and market information relating to TAL, and have been damaged thereby.

30.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of TAL's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about TAL's business, operations, and prospects as alleged herein.

31.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about TAL's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

32.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

33.     During the Class Period, Plaintiff and the Class purchased TAL's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities

significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

34.    As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding TAL, their control over, and/or receipt and/or modification of TAL's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning TAL, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

35.    The market for TAL's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, TAL's securities traded at artificially inflated prices during the Class Period. On June 8, 2018, the Company's ADR price closed at a Class Period high of $46.80. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of TAL's securities and market information relating to TAL, and have been damaged thereby.

36.    During the Class Period, the artificial inflation of TAL's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about TAL's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of TAL and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

37.    At all relevant times, the market for TAL's securities was an efficient market for the following reasons, among others:

(a)    TAL shares met the requirements for listing, and was listed and actively traded on the NYSE, a highly efficient and automated market;

(b)    As a regulated issuer, TAL filed periodic public reports with the SEC and/or the NYSE;

(c)    TAL regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)    TAL was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and

certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

38.    As a result of the foregoing, the market for TAL's securities promptly digested current information regarding TAL from all publicly available sources and reflected such information in TAL's share price. Under these circumstances, all purchasers of TAL's securities during the Class Period suffered similar injury through their purchase of TAL's securities at artificially inflated prices and a presumption of reliance applies.

39.    A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions. Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions. Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

40.    The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when

made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of TAL who knew that the statement was false when made.

## FIRST CLAIM
### Violation of Section 10(b) of The Exchange Act and Rule 10b-5 Promulgated Thereunder
### Against All Defendants

41.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

42.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase TAL's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

43.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for TAL's securities in violation of Section 10(b) of the

Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

44.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about TAL's financial well-being and prospects, as specified herein.

45.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of TAL's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about TAL and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

46.     Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and

familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

47.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing TAL's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

48.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of TAL's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public

statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired TAL's securities during the Class Period at artificially high prices and were damaged thereby.

49.    At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that TAL was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their TAL securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

50.    By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

51.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

**SECOND CLAIM**
**Violation of Section 20(a) of The Exchange Act**
**Against the Individual Defendants**

52.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

53.    The Individual Defendants acted as controlling persons of TAL within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the

Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

54.    In particular, the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

55.    As set forth above, TAL and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.    Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.    Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:   July 17, 2018

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
          ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.    I, _Jack Petraat_____, make this declaration pursuant to

Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the

Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation

Reform Act of 1995.

2. I have reviewed a Complaint against TAL Education Group ("TAL" or the "Company")

and authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire TAL securities at the direction of plaintiffs' counsel or in

order to participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors who

purchased or acquired TAL securities during the class period, including providing testimony at

deposition and trial, if necessary. I understand that the Court has the authority to select the most

adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of my transactions in TAL

securities during the Class Period as specified in the Complaint.

6.    During the three-year period preceding the date on which this Certification is signed, I

have not sought to serve as a representative party on behalf of a class under the federal securities

laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the

class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable

costs and expenses directly relating to the representation of the class as ordered or approved by the

Court.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed _June 15, 2018_____
          **(Date)**

_Jack Extract_____
**(Signature)**

_Jack Extract_____
**(Type or Print Name)**

**TAL EDUCATION GROUP (TAL)**                                                    **Extract, Jack**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|------|------------------|------------------------|------------------------|
| 6/7/2018 | Purchase | 100 | $44.2599 |